IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEROME LEON BRYANT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00299-AGD |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER, SSA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits. After reviewing the Briefs submitted by the Parties, as well as the evidence contained in the administrative record, the court finds the Commissioner's decision should be **REVERSED** and **REMANDED**.

### RELEVANT PROCEDURAL HISTORY

On June 27, 2019, Jerome Leon Bryant ("Plaintiff") filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act [TR 22, 59, 192]. Plaintiff alleges disability began on December 23, 2018 [TR 22, 59, 192]. Plaintiff was born on March 16, 1980, making him thirty-eight (38) years of age at the alleged onset date of disability and forty-one (41) years of age at the time of the ALJ's decision [TR 59]. His age classification was defined at all relevant times as "younger person." *See* 20 C.F.R. §§ 404.1563(c), 416.963(c). Plaintiff's application was initially denied by notice on October 2, 2019 [TR 68], and again upon reconsideration on January 21, 2021 [TR 91]. Plaintiff requested an administrative hearing ("Hearing") by an administrative law judge ("ALJ") [TR 104–105], which was held on July 29,

2021 [TR 22]. At the Hearing, Plaintiff and a vocational expert ("VE") presented testimony. Plaintiff was represented by counsel at the Hearing [TR 36]. On October 4, 2021, the ALJ issued an unfavorable decision denying Plaintiff's application [TR 22-31]. After hearing testimony and conducting a review of the facts of Plaintiff's case, the ALJ made the following sequential evaluation [TR 24-31]. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Act through June 30, 2023, and that Plaintiff had not engaged in substantial gainful activity since December 23, 2018 [TR 24]. At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis (OA) left hip status-post fracture; OA bilateral ankles status-post fracture; OA right hand status-post fracture; hypertension; and anxiety [TR 24]. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R §§ 404.1520(d), 404.1525, 404.1526) [TR 25]. At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 C.F.R § 404.1567(a) except lifting/carrying 10lbs occasionally and less than 10lbs frequently, sit six hours, stand two hours, walk two hours, can push/pull as much as carry. [Plaintiff] can climb ramps and stairs occasionally but never climb ladders, ropes, or scaffolds, and balance, stoop, kneel, crouch, and crawl occasionally. [Plaintiff] is able to follow detailed but not complex instructions and have occasional interaction with coworkers and the public.

[TR 24]. Continuing the step four analysis, the ALJ found that Plaintiff is unable to perform any of his past relevant work as actually or generally performed [TR 30]. His past relevant work included shipping/receiving clerk, farm hand, and delivery driver/truck driver (20 C.F.R § 404.1565) [TR 30]. At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that the claimant can perform" including addressing clerk (DOT 209.587-010), surveillance

monitor (DOT 379.367-010), and document preparer (DOT 249.587-018) [TR 30–31]. Based on this determination, the ALJ concluded that Plaintiff has not been under a disability from December 23, 2018, through the date of the ALJ's decision [TR 31].[1]

On February 22, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner [TR 1–3]. On April 11, 2022, Plaintiff filed the instant lawsuit (Dkt. #1), and on November 7, 2022, the Administrative Record was received from the Social Security Administration (Dkt. #15). On December 2, 2022, Plaintiff filed his Brief in Support of Plaintiff's Claim for Social Security Disability Benefits (Dkt. #19). On January 31, 2023, the Commissioner filed its Brief in Support of the Commissioner's Decision (Dkt. #20). On February 9, 2023, Plaintiff filed his Reply Brief (Dkt. #21).

## STANDARD OF REVIEW

In an appeal under § 405(g), the court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994); 42 U.S.C. § 405(g). A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a

---

[1] Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R § 404.1520. First, a claimant who is engaged in substantial gainful employment at the time of the disability claim is not disabled. 20 C.F.R § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his or her impairment corresponds to a listed impairment in 20 C.F.R., Part 404 Subpart P, Appendix 1. 20 C.F.R § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he can perform his past work. 20 C.F.R § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R § 404.1520(f). Under the first four steps of the analysis, the burden lies with the claimant to prove disability: then, at the last step, the burden shifts to the Commissioner. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If at any step the Commissioner finds that the claimant is or is not disabled, the inquiry terminates. *Id.*

whole. *Leggett*, 67 F.3d at 564; *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). It is more than a mere scintilla and less than a preponderance. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. Conflicts in the evidence, including the medical evidence, are resolved by the ALJ, not the reviewing court. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

Disability insurance is governed by Title II, 42 U.S.C. §§ 404 *et. seq.*, and SSI benefits are governed by Title XVI, 24 U.S.C. §§ 1381 *et. seq.*, of the Social Security Administration. The law and regulations governing the determination of disability are the same for both DIB and SSI. *Greenspan*, 38. F.3d at 236. The legal standard for determining disability under the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. "Substantial gainful activity" is determined by a five-step sequential evaluation process, as described above. 20 C.F.R. § 404.1520(a)(4).

## ANALYSIS

Plaintiff raises the following two points of error: (1) the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to include any limitation to account for Plaintiff's severe impairment of osteoarthritis of the right hand; and (2) the ALJ failed to meet her

MEMORANDUM OPINION AND ORDER – Page 4

step-five burden to prove that Plaintiff can perform other work that exists in significant numbers in the national economy. The court agrees with Plaintiff's argument regarding the first point of error and, therefore, does not reach the second point of error.

### *The ALJ's RFC Determination and Plaintiff's Limitations*

The RFC is an assessment, based on all the relevant evidence, of a claimant's maximum ability to do work on a sustained basis in an ordinary work setting despite his or her impairments.[2] 20 C.F.R. § 404.1545(a); *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The RFC is the most a claimant is able to do despite her physical and mental limitations. The ALJ "is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985). "The ALJ's RFC decision can be supported by substantial evidence even if he does not specifically discuss all the evidence that supports his decision, or all the evidence that he rejected." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Furthermore, the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported by the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991); *Kozlowski v. Colvin*, No. 4:13-cv-020-A, 2014 WL 948653, at *7 (N.D. Tex. Mar. 11, 2014). Similarly, the limitations on which the RFC is based "are not required to be included verbatim in the RFC or the hypothetical to the VE, so long as the decision shows that the ALJ considered those limitations in reaching the RFC determination." *Brouwer v. Berryhill*, No. CV 18-2044, 2019 WL 4954606, at *7 (S.D. Tex. July 9, 2019) (citing *Bordelon v. Astrue*, 281 F. App'x. 418 (5th Cir. 2008)).

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to include any limitation to account for Plaintiff's severe impairment of

---

[2] When considering a claimant's RFC, the Commissioner assesses an applicant's physical, mental, and sensory abilities, evaluates how they apply to that applicant's work-related functioning, and finally considers whether that applicant can sustain work-related activities in a work setting on a regular and continuing basis. *See* 20 C.F.R. § 416.945(b)-(d); S.S.R. 96-8p, 1996 WL 374184 (July 2, 1996).

osteoarthritis of the right hand. (Dkt. #19 at 6). Plaintiff, however, misses the obvious exertional limitation that was included in the ALJ's RFC determination: "the claimant has the residual capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lifting/carrying 10lbs occasionally and less than 10lbs frequently…" [TR 26]. Though not included verbatim in the RFC, Plaintiff's limitations in lifting and carrying weight due to his right-hand impairment appear to have been considered by the ALJ in reaching her RFC determination. The ALJ stated that she considered Dr. Jennie Meier's medical opinion, including "[l]imits in lifting/carrying and limits with crouching and squatting (Ex. 8F, p. 5 & 6)." [TR 29]. When referencing the lifting/carrying limitations, the ALJ specifically cited to page five of Dr. Meier's orthopedic consultative examination, which states "there are limitations with lifting and carrying weight due to *right hand* and left hip pain" (emphasis added). [TR 29, 1317]. The ALJ assigned some persuasion to Dr. Meier's medical opinion. [Tr. 29]. Therefore, it is apparent from the ALJ's decision that the RFC lifting and carrying limitation is directly attributable to Plaintiff's right-hand and left-hip impairments.

Plaintiff also argues that the ALJ failed to explain why additional manipulative limitations relating to the right-hand impairment were not reflected in the RFC determination. *See* (Dkt. #19 at 6–7). Specifically, Plaintiff points to his testimony at the hearing discussing the minimal use of his right hand (TR 46), the Function Report indicating that he cannot make a full fist with his right hand (TR 225, 230), Dr. Meier's noting of decreased grip strength (TR 1316), and the April 2020 physical examination revealing right hand swelling and painful restricted range of motion (TR 1165). (Dkt. #19 at 6).

Plaintiff testified that he has minimal use of his right hand. (*See* TR 46). He testified that he "has minimal use of bending [his] fingers" and cannot make a complete grip. (*See* TR 46). He

further testified that he drops things and struggles to open his right hand. *(See* TR 46). Despite this testimony and other evidence showing additional hand limitations, the ALJ did not include any manipulative limitations in her RFC assessment beyond the lifting and carrying limitation. Neither did she explain why such limitations were excluded from the RFC determination. This is error. *See* Social Security Ruling 16-3p ; *see Risinger v. Comm'r, SSA*, No. 6:12-cv-885, 2014 WL 4829527, at *21–22 (E.D. Tex. Sep. 25, 2014) (citations omitted); *see also Rivera v. Comm'r of Soc. Sec.,* No. 6:20-cv-00614, 2021 WL 7906837, at *2–3 (E.D. Tex. Nov. 22, 2021) ("A court may find that an impairment is severe; however, that does not necessarily mean that the impairment must result in limitations in the RFC.") (citations omitted).

"The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Social Security Ruling 16-3p. Though she summarized most of this evidence, the ALJ failed to reconcile Plaintiff's alleged symptoms of poor right-hand function with either Dr. Meier's or Dr. Jeanine Kwun's respective findings of no manipulative limitations (*see* TR 64, 82, 1318). The ALJ very well could have found either Dr. Meier's or Dr. Kwun's findings to be more persuasive than Plaintiff's testimony, thus justifying the exclusion of additional manipulative limitations in the RFC determination, but the ALJ's decision does not address these evidentiary conflicts whatsoever. The ALJ's analysis is further undermined by her characterization of Plaintiff's grip strength as "intact." (TR 28). It is unclear whether the ALJ meant Plaintiff's grip strength is mostly "intact," given his demonstration of "4/5 [right-hand] grip strength" during Dr. Meier's orthopedic consultative examination, as noted by the ALJ. (TR 27).

Nevertheless, the ALJ's analysis is devoid of an adequate explanation for why manipulative limitations were excluded from the RFC assessment.

The ALJ's failure to thoroughly discuss and analyze the objective medical evidence prejudiced Plaintiff's claim because it is possible the RFC assessment did not reflect Plaintiff's actual capability. *See Risinger,* 2014 WL 4829527 at *22 (citations omitted). Therefore, it is necessary to remand this matter for further consideration consistent with this opinion.

*Step Five Analysis*

In Plaintiff's second point of error, Plaintiff argues that the ALJ failed to meet her step-five burden of proving that Plaintiff can perform other work that exists in significant numbers in the national economy. Plaintiff argues the ALJ failed to meet her burden because the vocational expert testimony, upon which her ultimate decision relied, referenced obsolete jobs (*See* Dkt. #19 at 8–11). The court need not reach Plaintiff's argument, however, because the court has already concluded that this case should be remanded for further proceedings pursuant to step four. On remand, it would, perhaps, be beneficial for the ALJ to review this step as well.

## CONCLUSION

For the foregoing reasons, the court finds that the Commissioner's Decision should be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

**SIGNED this 30th day of September, 2023.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE